*579 OPINION OF THE COURT
Dennis F. Bender, J.
An interesting issue arose in the context of a mandatory settlement conference held in this matter. The defendant, Daniel J. Kotyk, is a son of the now deceased mortgagor, Helen Kotyk, who executed the underlying note and mortgage on or about April 11, 2007. On November 20, 2009, Mrs. Kotyk died.
It is undisputed that Mr. Kotyk was residing at the residence at the time of Mrs. Kotyk’s death and has continued to do so since that date. It is also undisputed that the plaintiff took no action after Mrs. Kotyk’s death as Mr. Kotyk continued to make the mortgage payments. On or about October 1, 2011, however, payments stopped, and the plaintiff commenced this foreclosure action.
Since Mr. Kotyk is a defendant residing in the residence, a conference is required pursuant to CPLR 3408 (a). The question that arose relates to the rights and responsibilities of the parties under that section. Mr. Kotyk submits that he stands in the shoes of his late mother and thus is entitled to be given consideration for loss mitigation as if he were the original mortgagor. The plaintiff, however, disagrees, submitting that any obligations it has under CPLR 3408 are met by a good faith consideration of Mr. Kotyk for a new loan under its state and federal underwriting guidelines. Because Mr. Kotyk was not a party to the original loan, however, it says he is not entitled to a loan modification as might normally be considered in the mandatory settlement conference negotiations.
The plaintiff now moves for a declaration from the court that the plaintiff has no duty to consider eligibility for a loan modification. In response, Mr. Kotyk asks the court to determine that he is eligible for “review and consideration of loan mitigation options available to homeowners to try and save their homes” and that this be done “without requiring that Mr. Kotyk apply for and qualify for a new mortgage loan.”
Mr. Kotyk’s argument relies in part upon 12 USC § 1701j-3 (d) (cited as the National Housing Act, and commonly known as the Garn-St Germain Depository Institutions Act). Although New York State chose to override certain provisions of this legislation, it did not alter the provisions relevant here, and in fact has codified them in section 6-g (2) (c) and (d) of the Banking Law. Those paragraphs provide that a lender may not exercise its option pursuant to a “due on sale” clause upon a *580 transfer “(c) . . . to a relative resulting from the death of a borrower” or “(d) . . . where the . . . children of the borrower become an owner of the property.” Mr. Kotyk asks this court to interpret this law to require that a resident relative who inherits property stands in the shoes of the deceased mortgagor for purposes of loan modification consideration.
The court finds no authority to support Mr. Kotyk’s argument. The clear language of both Banking Law § 6-g and the applicable provisions of the National Housing Act is limited to restricting a lender’s ability to accelerate a mortgage under certain circumstances, and nothing more. Nor does the statutory preference for keeping homeowners in their homes under CPLR 3408 require that the plaintiff review Mr. Kotyk for loss mitigation as if he had assumed the note and mortgage obligations. CPLR 3408 requires a conference be held to discuss the parties’ relative “rights and obligations . . . under the mortgage loan documents” and for “whatever other purposes the court deems appropriate” (CPLR 3408 [a]). It further requires that the parties negotiate in good faith in an attempt to reach an agreeable resolution. While such can include “a loan modification, if possible” (CPLR 3408 [f]), that possibility does not here exist absent an assumption of the note and mortgage by Mr. Kotyk, there being no privity of contract. Mr. Kotyk’s interpretation simply goes too far in asking the court to ignore basic principles of contract law without explicit statutory authority for doing so.*
Predicated on the foregoing, while this court finds that Mr. Kotyk is entitled to a mortgage settlement conference, and that the parties are required to negotiate in good faith to see if an agreeable resolution can be reached, Mr. Kotyk need not be treated as if he had assumed the note obligation and mortgage. In the course of the negotiations, Mr. Kotyk may propose that *581 he be allowed by the plaintiff to assume the note obligation and the mortgage, but this court finds no obligation on the plaintiffs part to agree to it. If it does not, Mr. Kotyk is not entitled to a loan modification review.

 Mr. Kotyk cites In re Smith (469 BR 198 [SD NY 2012]) for the proposition that privity of contract should be ignored. In that case, the mortgagor had transferred title to a family member who subsequently filed for bankruptcy. A loss mitigation order was entered. Three observations are in order. First, the order was entered unopposed despite notice, and the creditor did not appeal the order and only objected several months later. It would seem the Smith court determined that the creditor had accordingly waived the right to object. Indeed, the court referred to the creditor’s argument as a “red herring” for that very reason. (Smith at 201.) Secondly, Smith was a bankruptcy case, governed by the federal laws which apply to it. Thirdly, if the court’s ruling was founded upon a holding that the court had the inherent power to ignore the laws regarding privity of contract, this court disagrees that the same could be applied here.